UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SEAN MICHAEL MURRAY,

                Plaintiff(s),

                                   Index No.:

-against-                         AMENDED
                                          COMPLAINT

                                        Jury Trial Demanded

DCH TOYOTA CITY, TOYOTA CITY, INC.
and DCH AUTO GROUP,

                Defendant(s).
-------------------------------------------------------------------------X

      AS AND FOR PLAINTIFF'S AMENDED COMPLAINT, in the above-captioned action, plaintiff Sean Michael Murray (" Plaintiff" or "Murray"), by and through Plaintiff's attorneys, Kasell Law Firm, alleges as follows:

## PARTIES

1. At all times mentioned herein Plaintiff, Sean Michael Murray was and is an individual residing at P.O. Box 1110 Albany, New York 12201-1110.

2. Upon information and belief, at all times herein mentioned, Defendant DCH Toyota City ("DCH Toyota") was and is a New York corporation with its principal place of business in the County of Westchester at 1305 East Boston Post Rd. Mamaroneck, NY 10543.

3. DCH Toyota is engaged in the business of selling and servicing new and used motor vehicles. Toyota City is also engaged in the financing and arranging of financing of motor vehicles that it sells to the public.

4. Upon information and belief, at all times herein mentioned, Defendant Toyota City,

Inc. ("Toyota City") was and is a New York corporation with its principal place of business in the County of Westchester at 1305 East Boston Post Rd. Mamaroneck, NY 10543.

5. Upon information and belief, at all times herein mentioned, Defendant DCH Auto Group ("DCH Auto") was and is an unincorporated entity with its principal place of business in the state of New Jersey at 142 Bloomfield Avenue Verona, New Jersey 07044,

6. Upon information and belief, DCH Auto owns or controls both DCH Toyota and Toyota City.

7. DCH Toyota, Toyota City, and DCH Auto are collectively referred to herein as Defendants.

**JURISDICTION AND VENUE**

8. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

9. Plaintiff instituted this action or actual damages, statutory damages, attorneys' fees and costs against Toyota City for violations of the RISC Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of New York General Business Law § 349.

10. Venue in this District is proper in that the conduct complained of occurred here.

**STATUTORY FRAMEWORK**
**TILA**

11. The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of

      the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

12. The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## **BACKGROUND**

13. Murray was looking to purchase a used automobile.

14. Murray found a vehicle online that he was interested in advertised online by DCH Toyota and/or Toyota City's website.

15. On or about January 2, 2020, Murray visited the dealership located at 1305 East Boston Post Rd. Mamaroneck, NY 10543 to inquire about purchasing the black 2016 Toyota 4Runner that he was interested in and that he had seen advertised online.

16. Murray met with the Toyota Client Specialist, George Parker, and made a $500 deposit by debit card towards his purchase. A copy of the receipt for Murray's $500 down payment is attached as Exhibit "A".

17. Murray agreed to trade in his 2006 Toyota Tacoma for a trade-in value of $6000 as a further down payment towards his purchase of the used 2016 Toyota 4Runner, Vehicle Identification Number JTEBU5JR2G5371726 (the "Vehicle").

18. Murray was asked to sign a RISC on a computer tablet.

19. After executing the RISC Murray was given a copy. Attached as Exhibit "B" is a copy of the first RISC ("First RISC") that Plaintiff was provided.

20. Plaintiff was told that his signature on the First RISC needed to be redone and provided a second RISC ("Second RISC") to sign.

21. DCH Toyota and/or Toyota City violated TILA because DCH Toyota and/or Toyota City created another RISC with different terms than the First RISC. A copy of the Second RISC is attached as Exhibit "C".

22. Plaintiff saw that the $500 down payment he had made on his debit card was not included in any of the paperwork he had been given.

23. It was only after Plaintiff mentioned that it would cost more than $500 if he had to take action to recover his $500 deposit that he had made with his debit card but that had not been credited that DCH Toyota finally agreed to refund that $500.

24. Apparently, DCH Toyota, Toyota City, and DCH Auto were aware that they had violated TILA by taking the $500 debit card payment as a deposit and never including it in the paperwork for Plaintiff's transaction as shown in the First RISC and Second RISC and this was the only reason why DCH Toyota, DCH Auto, and Toyota City eventually wrote Plaintiff a check for $500.

25. However, this attempt to "un-ring" the bell fails to remedy violations of TILA.

26. A copy of DCH Auto's and DCH Toyota's January 9, 2020 check to Plaintiff to refund his $500 down payment is attached as Exhibit "D".

27. The First and Second RISCs evidence further violations of TILA because they:

    (i) Show an change in the finance charge;

    (ii) Show a change in the Total of Payments;

      (iii) Show a change in the Total Sale Price.

28. These changes to the transaction and the different amounts constitute *prima facie* evidence of violations of the TILA.

29. Likewise, the failure to credit the $500 down payment in either the First RISC or the Second RISC also constitutes *prima facie* evidence of violation of the TILA.

## COUNT I

## MULTIPLE VIOLATIONS OF THE TRUTH IN LENDING ACT

30. Plaintiff repeats the allegations set forth in paragraphs 1 - 29 as if fully set forth at length herein.

31. At all times relevant hereto, Defendants regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Defendants a creditors within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

32. Plaintiff entered into a consumer credit transaction that was memorialized in an agreement covered by the TILA as purported by the terms memorialized in the RISCs.

33. As a result of Defendant's failures the disclosures in the RISC were necessarily inaccurate.

34. Plaintiff relied on these inaccurate disclosures to his detriment.

35. Plaintiff is therefore entitled to actual damages, statutory damages and punitive

   damages.

36. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

## COUNT II

## VIOLATION OF GENERAL BUSINESS LAW § 349

37. Plaintiff repeats the allegations set forth in paragraphs 1 – 36 as if fully set forth at length herein.

38. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

39. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

40. Defendant's engaged in deceptive acts and practices that damaged Plaintiff failing to properly credit Plaintiff's down-payment.

41. Defendant's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

42. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Defendants and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

## COUNT III

## FRAUD

43. Plaintiff repeats the allegations set forth in paragraphs 1- 42 as if fully set forth at length herein.

44. Defendants made material omissions and misrepresentations of fact regarding Plaintiff's down payment.

45. Defendants made material omissions and misrepresentations of fact regarding Plaintiff's financing of the vehicle.

46. Defendants knew these omissions and misrepresentations were false.

47. Defendants made these omissions and misrepresentations for the purpose of inducing Plaintiff to rely upon them.

48. Plaintiff did, in fact, justifiably rely on the misrepresentations and material omissions by Defendants.

49. Plaintiff has been damaged as a result of the omissions and misrepresentations of Defendants.

WHEREFORE plaintiffs are entitled to:

a. Cancellation of the transaction;
b. Twice the amount of the finance charge;
c. Return of all finance charges and interest;
d. Return of all collateral charges incurred by Plaintiff including costs, cost of "cover," and loss of use of the vehicle;
e. Statutory damages;
f. Prejudgment interest at the prime rate as of the date of this cause of action;
g. All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiffs, and such other and further relief that the Court deems just and appropriate.

DATED: Long Island City, New York
         October 5, 2020

                                              /s/_____
                                          David M. Kasell, Esq. (DK-7753)
                                          Kasell Law Firm
                                          Attorneys for Plaintiff
                                          1038 Jackson venue, #4
                                          Long Island City, NY 11101
                                          (718) 404-6668