UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SEAN MICHAEL MURRAY,

                              Plaintiff,

v.                                                          **MEMORANDUM OPINION
                                                            AND ORDER**

DCH TOYOTA CITY, et al.,                                    20-CV-07383 (PMH)

                              Defendants.
---------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

        Plaintiff Sean Michael Murray ("Plaintiff") commenced this action on September 10, 2020,

and filed his Amended Complaint against defendants DCH Toyota City, DCH Auto Group

(together, "Defendants"), and Toyota City Inc.[1] on October 9, 2020. (Doc. 12, "Am. Compl.").

Plaintiff brings claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* ("TILA") and

Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for

alleged violations of New York General Business Law ("GBL") § 349 and fraud. (*See generally*

Am. Compl.).

        Before the Court is Defendants' motion to compel Plaintiff to arbitrate his claims pursuant

to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1. Defendants moved on December

16, 2020 (Doc. 21; Doc. 21-1, "Defs. Br."), Plaintiff opposed on January 13, 2021 (Doc. 24; Doc.

24-2, "Opp'n. Br."), and the motion was fully briefed with Defendants' submission of a reply

memorandum of law on January 20, 2021 (Doc. 25, "Reply Br.").

        For the reasons set forth below, Defendants' motion to compel arbitration is GRANTED.

---

[1] Defendant Toyota City Inc. has not appeared in this action, and it is unclear whether Toyota City Inc. was
ever served with the Summons and Amended Complaint, as no affidavit of service has been filed.

## BACKGROUND

On or about January 2, 2020, Plaintiff made a $500 down payment to Defendants for a black 2016 Toyota 4Runner (the "Vehicle") and agreed to trade in his 2006 Toyota Tacoma for a trade-in value of $6,000 as a further down payment towards his purchase of the Vehicle. (Am. Compl. ¶¶ 15-17; *id*. Ex. A). Plaintiff executed, in connection therewith, a retail installment sales contract ("RISC") (*id*. ¶¶ 18-19; *id*. Ex. B); and because his signature "needed to be redone," he signed a second RISC to memorialize the financing arrangement to purchase the Vehicle (*id*. ¶¶ 20-21; *id*. Ex. C). Neither RISC credited Plaintiff's $500 down payment. (*Id*. ¶ 22; *id*. Exs. B, C). On January 9, 2020, Defendants refunded Plaintiff's $500 down payment by check. (*Id*. ¶ 26).

The RISC contains an arbitration clause, which provides, in pertinent part:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of the vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. . . . Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief.

(*Id*. Ex. B at 7; *id*. Ex. C at 6).

On June 16, 2020, Defendant DCH Toyota City brought an action against Plaintiff in the Supreme Court of the State of New York, County of Westchester, bearing Index Number 56259/2020 (the "State Court Action"). (Doc. 21-2, "Einhorn Decl." Ex. 2, "State Compl."). The State Court Action alleges breach of contract, unjust enrichment/quantum meruit, conversion, and

seeks a preliminary injunction against Plaintiff in connection with his alleged failure to pay for the Vehicle pursuant to the RISC. (*See generally*, *id.*). Plaintiff herein, proceeding in the State Court Action as a *pro se* defendant, answered the complaint, asserted cross-claims, and filed a third-party complaint against various entities. (Einhorn Decl. Ex. 3).

Plaintiff thereafter commenced this action through counsel. He alleges that the failure to include his $500 down payment in the RISC constitutes a violation of TILA and related regulations, materially misleading conduct in violation of GBL § 349, and fraud. Defendants, seeking to enforce the arbitration clause in the RISC, move to compel arbitration and dismiss this action.

## STANDARD OF REVIEW

"In deciding motions to compel [arbitration], courts apply a 'standard similar to that applicable to a motion for summary judgment.'" *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)). "As on a motion for summary judgment, the parties may submit documents in support or opposition of their motion, and the court 'consider[s] all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, and draws all reasonable inferences in favor of the non-moving party.'" *Cornelius v. Wells Fargo Bank, N.A.*, No. 19-CV-11043, 2020 WL 1809324, at *4 (S.D.N.Y. Apr. 8, 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (alteration in original)).

"If the party seeking arbitration demonstrates its entitlement to arbitration by a showing of evidentiary facts, the burden then shifts to the opposing party to submit evidentiary facts demonstrating there is a dispute of fact showing that the agreement is inapplicable or invalid." *Id.*; *see also Citadel Servicing Corp. v. Castle Placement, LLC*, 431 F. Supp. 3d 276, 284 (S.D.N.Y.

2019) ("[T]he 'party to an arbitration agreement seeking to avoid arbitration generally bears the burden of showing the agreement to be inapplicable or invalid.'" (quoting *Harrington v. Atl. Sounding Co.*, 602 F.3d 113, 124 (2d Cir. 2010))). Opposition "may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Citadel Servicing Corp.*, 431 F. Supp. 3d at 284 (quoting *Oppenheimer & Co. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995)). "'If undisputed facts in the record require[ ] the issue of arbitrability to be resolved against the [p]laintiff as a matter of law,' then a district court must compel arbitration." *Shetiwy v. Midland Credit Mgmt.*, 959 F. Supp. 2d 469, 473 (S.D.N.Y. 2013) (quoting *Bensadoun*, 316 F.3d at 175 (alterations in original)); *see also Klein v. Experian Info. Sols., Inc.*, No. 19-CV-11156, 2020 WL 6365766, at *3 (S.D.N.Y. Oct. 29, 2020).

The FAA provides in pertinent part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "This provision establishes 'a liberal federal policy favoring arbitration agreements,'" *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and "reflects the overarching principle that arbitration is a matter of contract," *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 223 (2013). *See also Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 532-33 (2012) (explaining that the FAA "requires courts to enforce the bargain of the parties to arbitrate" (internal quotation marks omitted)); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 336 (2011) (noting that "courts must place arbitration agreements on an equal footing with other contracts"); *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (observing that the FAA "places arbitration agreements on

equal footing with other contracts, and requires courts to enforce them according to their terms" (internal citations omitted)); *Safra Secs., LLC v. Gonzalez*, 764 F. App'x 125, 125 (2d Cir. 2019) ("Whether parties have agreed to arbitrate a matter is fundamentally a question of contractual interpretation.").

"Like contract rights generally, a right to arbitration may be modified, waived or abandoned." *Zhang v. Wang*, 317 F. App'x 26, 28 (2d Cir. 2008) (citing *Sherrill v. Grayco Builders, Inc.,* 475 N.E.2d 772 (N.Y. 1985)). "'[U]nder a variety of circumstances one party may waive or destroy by his conduct his right to insist upon arbitration.'" *In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 132 (2d Cir. 2011) (quoting *Baker & Taylor*, 602 F.3d at 490). Waiver has been found when a party engages in protracted litigation that prejudices the opposing party. *PPG Indus., Inc. v. Webster Auto Parts, Inc.*, 128 F.3d 103, 107 (2d Cir. 1997) (citing *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997); *Cotton v. Slone*, 4 F.3d 176, 179 (2d Cir. 1993); *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991)). "[P]rejudice as defined by our cases refers to the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Doctor's Assocs., Inc.*, 107 F.3d at 134. "Any examination of whether the right to compel arbitration has been waived must be conducted in light of the strong federal policy favoring arbitration for dispute resolution." *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985). "'[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Id.* (quoting *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25). Against this backdrop, it is emphasized that "waiver of arbitration

'is not to be lightly inferred.'" *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995) (quoting *Rush*, 779 F.2d at 887).

## ANALYSIS

Plaintiff does not dispute the existence, enforceability, or scope of the arbitration clause in the RISC; and the Court finds that the arbitration clause at issue is neither inapplicable nor invalid. Rather, Plaintiff argues that Defendants waived arbitration of the claims in this action by their conduct in bringing the State Court Action. A party does not waive an arbitration clause, however, by its litigation of unrelated issues in a separate action. *See Doctor's Assocs., Inc.*, 107 F.3d at 133. "[O]nly prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in waiver of the right to arbitrate." *Id*. at 132. "Finding waiver where a party has previously litigated an unrelated yet arbitrable dispute would effectively abrogate an arbitration clause once a party had litigated any issue relating to the underlying contract containing the arbitration clause." *Id*. at 133.

The State Court Action does not address the same issues as those in Plaintiff's Amended Complaint. The State Court Action is principally a breach of contract matter in which Defendants seek to recover payment for the Vehicle and injunctive relief. This action, however, involves a truth-in-lending claim; and claims alleging misleading and fraudulent conduct related to the down payment he provided for the Vehicle that he contends was not included in the RISC. Though the transaction underlying both this action and the State Court Action are the same, they are simply not the same dispute and do not embrace the same or even similar legal issues. Significantly, Plaintiff, who is a *pro se* defendant in the State Court Action, did not raise the claims set forth in his Amended Complaint herein as counterclaims in the State Court Action; instead, he chose to commence this action in this Court. The failure of Plaintiff, acting *pro se* in the State Court Action

concerning the Vehicle, to include statutory claims in that action does not give rise to a waiver of arbitration herein. While the parties and transaction are the same, Plaintiff is not precluded from commencing this statutory federal question claim here; and as such, Defendants have not waived their right to insist that this separate action be submitted to arbitration. In view of the strong federal policy of enforcing agreements to resolve disputes through arbitration, the Court finds that Defendants did not litigate in the State Court Action issues going to the merits of Plaintiff's instant claims, and thus did not waive their right to compel arbitration under the terms of the arbitration clause at issue.

Moreover, to find that a party's protracted litigation has constituted a waiver of its right to arbitrate, there must be resultant prejudice to the opposing party. Indeed, "prejudice is determinative of waiver." *Rush*, 779 F.2d at 888. The type and quantum of prejudice necessary to support a finding of waiver "can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Kramer*, 943 F.2d at 179. Though there is no bright line in defining prejudice, Plaintiff's arguments in opposition to this motion do not give rise to a finding of waiver.

Plaintiff argues that he, as a *pro se* litigant in the State Court Action, "was forced to spend significant time and effort to protect his interests, . . . including having to oppose the order to show cause for a Temporary Restraining Order; [ ] and participating in and stipulating to the dates agreed to in the Preliminary Conference Order." Opp'n. Br. at 8. This is a far cry from the contexts in which prejudice borne from protracted litigation has been found to constitute waiver. *See, e.g.*, *Leadertex, Inc.*, 67 F.3d at 26 (finding waiver when a defendant engaged in "energetic pursuit of

7

discovery" for seven months and requested arbitration "at the eleventh hour" before trial); *Cotton*, 4 F.3d at 179-80 (finding waiver where a party "actively litigated" a dispute by taking depositions and making substantive motions); *Com-Tech Assocs. v. Computer Assoc.*, 938 F.2d 1574, 1576-77 (2d Cir. 1991) (finding waiver where a party sought to compel arbitration after filing a summary judgment motion eighteen months after answering the complaint and engaging in pretrial discovery). Permitting Defendants to compel arbitration is the mirror image of permitting a plaintiff to split his claims for relief: some asserted by way of counterclaims in the State Court Action, and others here in this action. Likewise, this is not a situation where the party seeking to compel arbitration lost a motion on the merits and then attempts to relitigate that issue. *Kramer*, 943 F.3d at 179. Nor is it one in which Defendants seek to obtain information through discovery procedures not available in arbitration. *Cotton*, 4 F.3d at 179. Defendants have neither conducted discovery with respect to Plaintiff's claims nor made any motions going to the merits of the claims. Rather, Defendants' only activity in this case has been the instant motion to compel arbitration. Undoubtedly the idiosyncrasies associated with these two separate actions (the State Court Action being litigated, and this action being arbitrated) devolves from the Plaintiff herein acting *pro se* in the State Court Action, rather than waiver conduct by Defendants herein. Too, the permissive nature of the arbitration clause, where either party to the RISC may compel arbitration adds compelling substance to the Court's finding that Defendants herein have not waived their contractual right to compel arbitration because they commenced an action in State Court against Plaintiff herein. Accordingly, Defendants did not waive their right to compel arbitration of Plaintiff's claims.

## **CONCLUSION**

Based upon the foregoing, Defendants' motion to compel arbitration is GRANTED. The action is stayed pending arbitration. The Clerk of Court is respectfully directed to: (i) terminate the motion (Doc. 21); and (ii)  administratively close this case, without prejudice to either party moving by letter motion to reopen the case within thirty days of the conclusion of the arbitration proceedings.[2]


Dated: White Plains, New York
      April 20, 2021

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge


---

[2] *See Zimmerman v. UBS AG*, No. 17-CV-4503, 2018 WL 4054860, at \*6 (S.D.N.Y. Aug. 24, 2018), *appeal dismissed*, 789 F. App'x 914, 915-16 (2d Cir. 2020) ("The district court's administrative closure of the case does not constitute a final decision: there is no jurisdictional significance to [a] docket entry marking [a] case as 'closed,' which we will assume was made for administrative or statistical convenience.").