# Kasell Law Firm

July 29, 2021

The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

        Re:    Murray v. DCH Toyota City, *et. al.*
                 20-cv-07383

Hon. Halpern:

      This firm represents Plaintiff Sean Michael Murray.

      By this letter, Plaintiff requests that the stay, [Dkt. #26] be vacated and that this matter proceed before the Court.

      After the Court stayed this matter pending arbitration, Defendant consented to arbitration before the American Arbitration Association.

      Plaintiff filed Case 01-21-003-7639 with the American Arbitration Association.

      On May 27, 2021 the American Arbitration Association wrote to counsel for DCH Toyota City and directed that DCH Toyota City submit its current consumer arbitration clause, its filing fee, the consumer clause review fee, and its arbitrator's compensation deposit. That letter advised that payment should be received no later than June 10, 2021 or that the AAA might decline to administer the case. A copy of the American Arbitration Associations May 27, 2021 letter is attached as Exhibit "A".

      As of June 16, 2021, the administrative fees and arbitrator compensation still had not yet been received by the American Arbitration Association and the parties' respective counsel were both copied on a letter advising that "[i]f we do not timely receive the business' portion of the filing fees, we will notify the parties that we have administratively closed this case and refund any payment received from the claimant." This letter sent a June 30, 2021 deadline for payment. A copy of the American Arbitration Association's June 16, 2021 letter is attached as Exhibit "B".

# Kasell Law Firm

The June 30, 2021 deadline for payment came and went. But on July 7, 2021 another invoice was provided to counsel for Defendant so that payment could be made. A copy of the email from the American Arbitration Association with the open invoice is attached as Exhibit "C".

Letter motion to lift stay

Finally, on July 23, 2021 the American Arbitration Association wrote to the parties to advise that the American Arbitration Association had not received the required fees from DCH Toyota City and that they were declining to administer the case and was closing its file. Further, that correspondence advised that according to R-1 (d) of the Consumer Arbitration Rules that either party could choose to submit this dispute to the appropriate court for resolution. A copy of the American Arbitration Association's June 16, 2021 letter is attached as Exhibit "D".

Now, more than three months after this Court granted DCH Toyota City's motion to compel arbitration but DCH Toyota City has failed to move forward with the arbitration, it is respectfully requested that the stay be vacated and that this case proceed in the federal district court.

Respectfully submitted,

/s/
David M. Kasell, Esq.

{00148905.DOC}