

Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Kathleen Barnett Einhorn, Esq.
Partner
Member of NJ & NY Bars
keinhorn@genovaburns.com
Direct: 973-535-7115

August 9, 2021

**VIA PACER**
Hon. Philip M. Halpern, U.S.D.J.
Hon. Charles L. Brieant Jr. Federal Building and U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

      **Re:**    **Murray v. DCH Toyota City, et al.**
              **Case No.: 7:20-cv-07383-PMH**

Dear Judge Halpern:

      We are counsel to Defendant, DCH Toyota City and DCH Auto Group (collectively, "DCH"), in the above matter. Please accept this letter brief in response to Plaintiff, Sean Michael Murray's ("Plaintiff") Letter Motion to Reopen the Case and Lift the Court's April 20, 2021 Order compelling arbitration and dismissing the matter without prejudice. For the reasons set forth below, and as expressed in Your Honor's well-reasoned decision, this Court should deny Plaintiff's baseless Letter Motion and require this matter to be sent to arbitration.

      A few weeks after the Court's Order, Plaintiff filed his demand with the American Arbitration Association ("AAA"). DCH, its parent-company, Lithia Motors, Inc., and their related entities have litigated several matters with AAA before. Counsel for DCH has even represented other DCH-related entities in matters before AAA, including a consumer contract case last year. However, DCH Toyota City has apparently never appeared before AAA. Due to this, AAA informed the parties that it did not have DCH Toyota City listed in its "Consumer Clause Registry," and that a review would need to be completed. *See* Exhibit A. DCH was confused by this because AAA had never before made this request. In all other instances after a demand was filed AAA simply issued a letter to the parties with scheduling and providing its rules and procedures.

      Due to this established practice, on June 10, 2021, DCH informed AAA that it should be listed in AAA's registry and may possibly be under its parent-company name or the name of another related entity. *See* Exhibit B. On June 17, 2021, AAA responded that it could not confirm the status of DCH Toyota City, and requested counsel provide a representative from DCH to correspond with. *Id*. Counsel responded the very next day with a representative and requested a time to set up a conference call to resolve any remaining issues. *Id*.

      AAA did not immediately respond to this correspondence, so DCH sent follow-up emails on June 23, 2021 and June 29, 2021 again requesting a time to have a phone call so DCH could



Hon. Philip M. Halpern, U.S.D.J.
August 9, 2021
Page 2

understand what additional information AAA needed. *Id*. AAA responded on June 29, 2021 that they needed information to confirm the business status of DCH. *Id*. DCH provided this information that same day, but AAA said they still needed to review DCH's consumer clause on an expedited basis. *Id.*

Finally, on July 7, 2021, a representative from AAA called counsel to inform them that everything was all set and that they just needed a payment from DCH to process this matter. AAA then sent an invoice to counsel, which counsel immediately forwarded to its billing department for processing. *See* Exhibit C. Unfortunately, due to an administrative error in counsel's billing department, the invoice was not paid and on July 23, 2021, AAA sent a letter to the parties informing them that this matter had been closed. *See* Exhibit D. DCH immediately responded to this correspondence requesting additional time to make payment. *See* Exhibit E. DCH paid the invoice on July 26, 2021 after receiving a new payment link from AAA. *See* Exhibit F.

Although they received DCH's payment, AAA said they still required Plaintiff's consent to reopen the matter. *Id.* Counsel contacted Plaintiff's attorney, David M. Kasell, to explain that the invoice had not been paid due to an administrative error, but that the case was now ready for processing once he consented. Mr. Kasell refused to provide his consent and now seeks to use this administrative error as a means to override the Court's prior decision.

Plaintiff's Motion should be denied because these circumstances do not support invalidating a clear and unambiguous arbitration clause, let alone one that the Court has already ordered should be enforced. Plaintiff fails to explain why an administrative error that resulted in a short delay warrants overruling the strong public policy and federal policy favoring the enforcement of arbitration clauses. *See Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993); *Circuit City v. Adams*, 532 U.S. 105, 119 (2001); *Martinez v. Bloomberg LP*, 883 F. Supp. 2d 511, 515 (S.D.N.Y. 2012), *aff'd* 740 F.3d 211 (2d Cir. 2014); *see also* 9 U.S.C. § 2 (the Federal Arbitration Act provides in pertinent part that written arbitration provisions "shall be valid, irrevocable, and enforceable").

DCH has acted diligently in its correspondence with AAA and was in constant contact with the association to determine what they needed to process this matter. DCH's confusion with AAA's request stemmed from the fact that the request had not been made before and other related entities, including other DCH car dealerships, have litigated other matters before AAA. DCH acted with care to resolve the issue and, once resolved, sent the invoice to be processed.

Plaintiff's motion fails to set forth any legitimate basis for reopening this matter.  He has not alleged any prejudice or wavier committed by Plaintiff. The type and quantum of prejudice necessary to support a finding of waiver "can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can



Hon. Philip M. Halpern, U.S.D.J.
August 9, 2021
Page 3

be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Kramer v. Hammond*, 943 F.2d 176, 179 (2d Cir. 1991). As Your Honor stated in his prior decision, "[w]aiver of arbitration 'is not to be lightly inferred,'" *Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995), and "must be conducted in light of the strong federal policy favoring arbitration for dispute resolution." *Rush v. Oppenheimer & Co.*, 779 F.2d 885, 887 (2d Cir. 1985). A short delay caused by an unfortunate error in payment does not establish prejudice to Plaintiff. This matter could already be proceeding in arbitration if Plaintiff simply consented to reopening the case.

      For the reasons set forth below, this matter should be dismissed without prejudice and Plaintiff should be compelled to file this matter in arbitration.

      Respectfully submitted,

      **GENOVA BURNS LLC**

      */s/ Kathleen Barnett Einhorn*
      KATHLEEN BARNETT EINHORN

KBE/NJP
c:   All Counsel of Record (via electronic filing)

#16050386v1 (1686.238)